# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JAMES O'DELL WALTON, et al, ID # 561346, Plaintiff, | ) ) ) ) | |
| vs. | ) ) | No. 3:10-CV-1856-M-BH |
| PARKLAND HOSPITAL, et al, Defendant. | ) ) ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for pretrial management. Before the Court is Plaintiff's *Application to Proceed In Forma Pauperis*, received September 16, 2010, (doc. 2). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless Plaintiff timely pays the requisite filing fee.

## I. BACKGROUND

On September 14, 2010, Plaintiff filed this civil action alleging that Parkland Hospital intentionally murdered his mother and showed deliberate indifference by treating her with chemotherapy and radiation for lung cancer, which Plaintiff alleges she did not have, rather than treating her for heart disease, which he alleges she did have. Plaintiff further alleges that two funeral homes harvested his mother's organs and sold or donated them to other people before she was dead and without the family's consent. (Compl. at 9-13). He seeks to proceed *in forma pauperis*. Plaintiff also purports to file this civil action as a class action on behalf of himself and several members of this family, although none of these family members signed the complaint.

## II. THREE STRIKES

As a prisoner in the Texas prison system seeking to proceed *in forma pauperis*, Plaintiff's

action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Walton v. TDCJ*., No. 6:93-cv-110 (E.D. Tex. April 23, 1993); *Walton v. Dallas County*, 3:96-cv-808 (W.D. Tex. April 30, 1996); *Walton v. Johnson, et. al.*, No. 97-41297 (5th Cir. Dec. 16, 1998). *See also Walton v. Thompson, et al*, No. 2:07-cv-289 (S.D. Tex. July 18, 2007) (identifying three strikes, denying *in forma pauperis* status, and dismissing action as barred by 28 U.S.C. § 1915(g)). He may therefore not proceed without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury. He has not made this showing.

### III. OTHER PARTIES

Plaintiff has also purportedly filed this action on behalf of several of his relatives.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. No other plaintiff, however, has signed the complaint in this action. *See* Fed. R. Civ. P. 11(a) (requiring that each pleading be signed by an attorney of record or by a party personally if unrepresented by counsel). Individuals who do not have a law license

2

may not represent other parties in federal court. *See Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970). Plaintiff may not prosecute this pro se action on behalf of his relatives, and the purported claims on their behalf should be dismissed without prejudice to the filing of a separate action by counsel or by each plaintiff on his or her own behalf.

## IV. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the District Court. The claims on behalf of Plaintiff's relatives should also be **DISMISSED** without prejudice to the filing of a separate civil action by counsel or by each plaintiff on his or her own behalf.

**SIGNED this 20th day of September, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE